UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Hon. Stanley R. Chesler

v. : Criminal Number: 07-625 (SRC)

CRAIG WASK : O R D E R

This matter having come before the Court on the joint application of Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey (by Anthony Moscato, Assistant U.S. Attorney), and defendant Craig Wask (by his attorney James P. Patuto, Esq.) for an Order requiring defendant Craig Wask to pay restitution in the amount of $217,728 to the victims of defendant Craig Wask's offense, namely, the International Union of Operating Engineers Benefit Funds (hereinafter collectively the "Funds"), in the amounts listed below:

| Victim | Amount |
|---|---|
| Local 825 Welfare Fund | $86,400 |
| Local 825 Pension | $46,080 |
| Local 825 Annuity Fund | $54,720 |
| Local 825 SUB Fund | $13,248 |
| Local 825 Savings Fund | $11,520 |
| Local 825 Apprentice Fund | $5,760 |

and as defendant Craig Wask has consented to such Order, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that defendant Craig Wask shall be required to restitution, as described above, based on following:

(1) On or about March 26, 2008, defendant Craig Wask pleaded guilty to a Superseding Information, charging him with seven counts of conspiracy to violate federal law, namely, Title 29, United States Code, Section 186, in violation of Title 18, United States Code, Section 371. During his Rule 11 hearing, defendant Craig Wask, a Local 825 business agent, admitted that he received cash bribes from George V. Coyne, a contractor, in exchange for permitting George V. Coyne's company to use non-union labor at a construction project in Jersey City, New Jersey (Count Three). He further admitted that he shared portions of those cash bribes with Kenneth P. Campbell, the union's Business Manager.

(2) By paying cash bribes to defendant Craig Wask, George V. Coyne was able to employ non-union operating engineers at this construction project, thereby permitting George V. Coyne to avoid paying contributions to the Funds, as required under the applicable Collective Bargaining Agreement. In total, through their criminal conduct, defendant Craig Wask, George V. Coyne, and Kenneth P. Campbell caused the Funds to suffer a loss of approximately $217,728.

(3) On or about September 29, 2008, George V. Coyne pleaded guilty before this Court to substantially the same criminal conduct as defendant Craig Wask and, as part of his sentence, was ordered to pay restitution in the amount of $217,728 to the victims described above.

(4) On or about October 7, 2008, Kenneth P. Campbell pleaded guilty before this Court to substantially the same criminal conduct and, as part of his sentence, was ordered to pay restitution in the

amount of $247,655, which amount included $217,728 to the victims described above.

(5) On or about April 7, 2009, the Court sentenced defendant Craig Wask to four months' imprisonment; four months' in a halfway house; a $7,000 fine; and three years' supervised release. The judgement of conviction was signed by the Court on or about April 7, 2009.

(6) Defendant Craig Wask's plea agreement, which agreement he signed on March 5, 2008, advised him that the sentencing judge could order him to pay restitution under 18 U.S.C. § 3663 et seq.

WHEREFORE, IT IS on this 6 day of July, 2009,

ORDERED that defendant Craig Wask, as part of the sentence imposed on April 7, 2009, make $217,728 in restitution to the Funds in the specific amounts and to the specific victims described above;

IT IS FURTHER ORDERED that defendant Craig Wask's restitution obligation in the amount of $217,728 will be joint and several with George V. Coyne and Kenneth P. Campbell;

IT IS FURTHER ORDERED that defendant Craig Wask will forward these monthly payments to the IUOE Local 825 Benefit Funds, 65 Springfield Avenue, Second Floor, Springfield, New Jersey 07801;

IT IS FURTHER ORDERED that the Court will waive the interest requirement in this case.

IT IS FURTHER ORDERED that restitution is due immediately, and in the event the entire restitution is not paid before the commencement of supervision, payment will commence 30 days after release from imprisonment; and the Court will set the payment plan

based on an assessment of defendant Craig Wask's ability to pay at that time.

HON. STANLEY R. CHESLER
United States District Judge

Consented to:

James P. Patuto Esq.
Counsel for Defendant

Craig Wask
Defendant

Anthony Moscato

RECEIVED MAIL ROOM
2009 JUL -1 AM 11:16
DISTRICT OF NEW JERSEY



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Strike Force*

*RALPH J. MARRA, JR.*
*Acting United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone:* 973-645-2752
*Fax:* 973-645-3497
*Email:* anthony.moscato@usdoj.gov

*Anthony Moscato*
*Assistant United States Attorney*

July 1, 2009

The Honorable Stanley R. Chesler
United States District Judge
United States Courthouse & Post Office
Federal Square
Newark, New Jersey 07102

Re: United States v. Craig Wask
Criminal Number 07-625
Proposed Restitution Order

Dear Judge Chesler:

As Your Honor is aware, the judgment of conviction in the above-captioned matter was signed on April 7, 2009. The Court provided the parties with 90 days to resolve an outstanding restitution issue. The parties have come to an agreement regarding restitution, and the parties' agreement is set forth in the enclosed proposed Order.

In the proposed Order, the defendant agrees to make restitution in the amount of $217,728 to the victims of his offense. The victims are identified in the proposed Order.

If the proposed Order meets with Your Honor's approval, please execute the Order and have your Deputy file it with the Clerk of the Court.

Respectfully submitted,

RALPH J. MARRA, JR.
Acting United States Attorney

By: Anthony Moscato
Assistant U.S. Attorney

cc: James P. Patuto, Esq.